FILED
2012 Jun-22  AM 09:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **HELEN EARL APPLING,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 7:11-CV-03260-VEH** |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner,** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

---

## MEMORANDUM OPINION

Plaintiff Helen Earl Appling (hereinafter "Ms. Appling") brings this action pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner" or "Secretary"), who denied her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").[1] Ms. Appling timely pursued and exhausted her administrative remedies available

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI).  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statues or regulations found in quoted court decisions.

before the Commissioner.  The case is ripe for review pursuant to 42 U.S.C. § 405(g),[2] § 205(g) of the Social Security Act.

## FACTUAL AND PROCEDURAL HISTORY

Ms. Appling was a 57-year-old female at the time of her hearing before the administrative law judge (hereinafter "ALJ"). (Tr. 45). She has a ninth grade education. (*Id*). Her past relevant work experience includes work as a cashier. (Tr. 56). Ms. Appling claims she became disabled on December 10, 2006.  (Tr. 16, 97). At the hearing, her onset date was amended to be July 18, 2007. (Tr. 21). Ms. Appling complains of diabetes mellitus, osteoarthritis, cataracts, and anemia.  (Tr. 18, 46, 49, 275). Her last period of work ended on December 10, 2006.  (Tr. 132).

Ms. Appling protectively filed her application for a period of disability and DIB on December 10, 2007.  (Tr. 16, 62). She also protectively filed a Title XVI application for SSI on December 10, 2007.  (Tr. 16, 60). The claim was denied by the Commissioner on January 18, 2008.  (Tr. 16, 64, 69). Ms. Appling filed a timely written request for a hearing on February 29, 2008.  (Tr. 16, 75). The hearing was held on August 24, 2009.  (Tr. 16). The ALJ concluded that Ms. Appling was not disabled and denied her application on January 29, 2010.  (Tr. 21). Ms. Appling submitted a timely request for review of the ALJ's decision to the Appeals Council

---

[2]42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

on February 26, 2010.  (Tr. 9). The review was denied by the Appeals Council on July 13, 2011, and thus, the ALJ's decision became the Commissioner's final decision on that date.  (Tr. 1).

Ms. Appling filed a Complaint on September 9, 2011, which asks this court to review the ALJ's decision.  (Doc. 1). This court has carefully considered the record and for the reasons stated below, reverses the Commissioner's denial of benefits, and remands the case for further development and consideration.[3]

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."

---

[3]  The undersigned has rendered several other comparable decisions which have reversed the Commissioner due to an underdeveloped record and/or an inadequately supported residual functional capacity ("RFC") determination from which the framework, analysis, and disposition of this case persuasively flow.  *See, e.g., Howard v. Astrue*, No. 3:10-CV-527-VEH, (Docs. 15, 16) (Dec. 16, 2010) (reversing and remanding when RFC finding is not supported by substantial evidence); *Mahaley v. Astrue*, No. 5:09-CV-0347-VEH, (Docs. 12, 13) (N.D. Ala. Feb. 18, 2010) (same); *Glover v. Astrue*, No. 3:09-CV-0033-VEH, (Docs. 15, 16) (N.D. Ala. Mar. 4, 2010) (same);  *Stewart v. Astrue*, No. 5:11-CV-2103-VEH, (Docs. 10, 11) (N.D. Ala. May 14, 2011) (same); *Rose v. Astrue*, No. 1:11-CV-1186-VEH, (Docs. 10, 11) (N.D. Ala. Nov. 1, 2011) (same).

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court.

The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically

---

[4]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of May 31, 2012.

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."   20 C.F.R. § 404.1505(a).   To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

> (1)   whether the claimant is currently employed;
> (2)   whether the claimant has a severe impairment;
> (3)   whether the claimant's impairment meets or equals an impairment listed by the Secretary;
> (4)   whether the claimant can perform her past work; and
> (5)   whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed

impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner must further show that such work exists in the national economy in significant numbers.  *Id*.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Ms. Appling had not engaged in substantial gainful activity since the alleged onset of her disability on July 18, 2007.  (Tr. 18).  Thus, Ms. Appling satisfied step one of the five-step test. 20 C.F.R. § 404.1520 (b).

Under step two, the ALJ concluded that Ms. Appling's diabetes mellitus, cataracts, anemia, and osteoarthritis are considered "severe" based on the requirements in Regulations 20 C.F.R. § 404.1520 (c) and §416.920 (c). (Tr. 17-18). Accordingly, the ALJ concluded that Ms. Appling satisfied the second step of the sequential disability evaluative process. 20 C.F.R. § 404.1520 (c).

At step three, the ALJ determined that Ms. Appling's medically determinable impairments, in combination, do not meet or medically equal a listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1 of the Social Security Regulations. (Tr. 19).

At the hearing, the vocational expert testified that, according to the *Dictionary of Occupational Titles*, the work of a cashier is normally classified as light (Tr. 57).

6

However, it was found that Ms. Appling has performed the job of cashier "at a medium level" because her past jobs have "involved stocking as well as janitorial work." (Tr. 58).

The ALJ then evaluated Ms. Appling's residual functional capacity ("RFC") at step four, and Ms. Appling was found to have "the residual functional capacity to perform the full range of light work [5] as defined, except for the limitations on her vision." (Tr. 19).

In reliance on the above sequential process as well as the testimony from the vocational expert, the ALJ concluded that Ms. Appling's impairments do not prevent her from returning to her past relevant work as a cashier "as generally performed, at the light level, although this work was performed at the medium exertional level in the past." (Tr. 21).

It was unnecessary for the ALJ to continue to step five in the sequential analysis due to his finding that Ms. Appling was able to perform her past relevant

---

[5]20 C.F.R. §§ 404.1567(b) and 416.967(b) provide the following definition for light work:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

work. (Tr. 21). Accordingly, the ALJ ruled that Ms. Appling was not under a disability at any time though the date of the ALJ's decision and therefore was not eligible for DIB under §§216(i) and 223(d) of the Social Security Act. (*Id.*). Further, the ALJ found that Ms. Appling was not eligible for SSI payments under §1614(a)(3)(A) of the Social Security Act. (*Id.*).

## ANALYSIS

The court can reverse a finding of the Secretary if it is not supported by substantial evidence.  42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[6]

The court has carefully reviewed the record and finds that this case should be remanded for further development.  Under the law, the administrative law judge must develop a full and fair record.  *Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir. 1997). In this appeal, Ms. Appling generally challenges whether substantial evidence supports the Commissioner's denial of her disability applications. The court turns to

---

[6]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the lack of any treating or examining medical source statement(s)[7] ("MSS") by a physician in support of the ALJ's RFC conclusion that Ms. Appling is able to perform a full range of light work and agrees with Ms. Appling that, under the circumstances of her case, the Commissioner has committed a reversible error.[8]

## I.   IN THE ABSENCE OF A SUPPORTING MEDICAL SOURCE STATEMENT OR A PHYSICAL CAPACITIES EVALUATION BY A PHYSICIAN THAT CONSIDERS THE IMPACT OF MS. APPLING'S SEVERE IMPAIRMENTS, THE ALJ'S PHYSICAL RFC DETERMINATION THAT SHE CAN PERFORM A FULL RANGE OF LIGHT WORK IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.

While Ms. Appling has the burden of proving her disability, the ALJ has a basic obligation to develop a full and fair record. *Cowart v. Schweiker*, 662 F.2d 731, 732 (11th Cir. 1981) (citing *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979)). When the ALJ has failed to develop a full and fair record, the court "has required the Secretary to reopen the case 'until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled or not.'" *Thorne*, 607 F.2d at 220 (quoting *Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974)).

―――――――――――――

[7]Medical source statements are "medical opinions submitted by acceptable medical sources, including treating sources and consultative examiners, about what an individual can still do despite a severe impairment(s), in particular about an individual's physical and mental abilities to perform work-related activities on a sustained basis.  Medical source statements are to be based on the medical sources' records and examination of the individual; *i.e.*, their personal knowledge of the individual. Therefore, because there will frequently be medical and other evidence in the case record that will not be known to a particular medical source, a medical source statement may provide an incomplete picture of the individual's abilities." SSR 96-5p.

[8]As a result, the court does not reach the merits of the other issues presented on appeal.

9

The ALJ determined that:

> Despite the claimant's alleged difficulty standing and walking, and visual limitations, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). The claimant could lift no more than twenty pounds occasionally and ten pounds frequently. In addition, she should be capable of standing and walking for six hours out of an eight-hour workday.

(Tr. 21).

In support of his RFC determination for Ms. Appling, the ALJ did not identify a medical source opinion or a physical capacities evaluation conducted by a physician that substantiates Ms. Appling's ability to perform a full range of light work given her severe impairments of diabetes mellitus, cataracts, anemia, and osteoarthritis. Such an omission from the record is significant to the substantial evidence inquiry pertaining to the ALJ's RFC determination. *See, e.g., Rohrberg v. Apfel*, 26 F. Supp. 2d 303, 311 (D. Mass. 1998) ("The ALJ failed to refer to-and this Court has not found-a proper, medically determined RFC in the record.").

This court recognizes the Eleventh Circuit's view that "the absence of a physician's opinion regarding a plaintiff's functional limitations does not morph into an opinion that the plaintiff can work." *Clemmons v. Astrue*, No. 3:06-CV-1058-VEH, slip op. at 11 (N.D. Ala. Jun. 11, 2007) (discussing *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988)). "Such silence is equally susceptible to either inference, therefore, no inference should be taken." *Clemmons*, slip op. at 11 (citing *Lamb*, 847 F.2d at 703).

10

This court has similarly noted, "where the treating physician has not discharged the patient from treatment and the physician has not made, and was not asked to make, a determination regarding plaintiff's functional capabilities, there is no substantial evidence to support an ALJ's functional capacity finding." *Clemmons*, slip op. at 11 (citing *Lauer v. Apfel*, 245 F.3d 700, 705 (8th Cir. 2001)).

The court acknowledges that the ALJ did refer in his opinion to several of Ms. Appling's medical records. (Tr. 18-20) (Exhibits 1F, 2F, 5F, 7F, 8F, and 9F). However, the medical records are merely raw physical findings related to Ms. Appling's individual conditions. (*See, e.g.*, Tr.180-209 (medical records from Northport Medical Center); Tr. 210-16 (medical records from University Medical Center); Tr. 221-32 (office treatment records from University Medical Center); Tr. 270-72 (consultative examination from Radiology Clinic LLC); Tr. 273-79 (consultative examination from Dr. Rose M. Betz); Tr. 280-83 (consultative examination from Dr. Alexandre B. Todorov)).

The consultative examinations ordered by the ALJ simply examined Ms. Appling's individual complaints, and none of her physicians provided any assessment of her impairments in vocational terms. *See, e.g., Rohrberg*, 26 F. Supp. 2d at 311 ("Where the 'medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional

capabilities such as those set out in 20 C.F.R. § 404.1567(a) . . . [the Commissioner may not] make that connection himself.'") (citation omitted).

As another district judge of this court aptly explained the RFC issue in the context of an ALJ who comparably determined, without the benefit of a physical capacities evaluation conducted by a physician, that the claimant was not disabled:

> While the Record contains Ms. Rogers' [s] medical treatment history, it lacks any physical capacities evaluation by a physician. The ALJ made his residual functional capacity evaluation without the benefit of such evaluation. An ALJ is allowed to make some judgments as to residual physical functional capacity where so little physical impairment is involved that the effect would be apparent to a lay person. *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15 (1st Cir. 1996). In most cases, including the case at bar, the alleged physical impairments are so broad, complex, and/or ongoing that a physician's evaluation is required. *Id.* In order to have developed a full, fair record as required under the law, the ALJ should have re-contacted Ms. Roger's [sic] physicians for physical capacities evaluations and/or sent her to physicians for examinations and physical capacities evaluations. Further, Ms. Rogers' [s] ability to lift and to manipulate objects must be thoroughly evaluated by at least one physician. These evaluations shall be obtained upon remand. Ms. Rogers' [s] residual functional capacity was not properly determined nor supported by substantial evidence in this case.

*Rogers v. Barnhart*, No. 3:06-CV-0153-JFG, (Doc. 13 at 5) (N.D. Ala. Oct. 16, 2006) (emphasis added); *see also Manso-Pizarro*, 76 F.3d at 17 ("With a few exceptions (not relevant here), an ALJ, as a lay person, is not qualified to interpret raw data in a medical record.") (emphasis added) (citations omitted); *Rohrberg*, 26 F. Supp. 2d at 311 ("An ALJ is not qualified to assess a claimant's RFC on the basis

of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.") (emphasis added) (citation omitted); *cf. Giddings v. Richardson*, 480 F.2d 652, 656 (6th Cir. 1973) ("To meet such a *prima facie* case it is not sufficient for the government to rely upon inconclusive medical discussion of a claimant's problems without relating them to the claimant's residual capacities in the field of employment.") (emphasis added).

Comparable to *Rogers*, *Manso-Pizarro*, and other similar cases, a lay person such as an ALJ is not able to discern Ms. Appling's work-related exertional abilities and appropriate non-exertional restrictions based upon the unfiltered information contained in her medical records. Therefore, in the absence of a medical source statement and/or any physical capacities evaluation conducted on Ms. Appling by a physician that corroborates the ALJ's determination that she is capable of performing a full range of light work despite her severe impairments of diabetes mellitus, cataracts, anemia, and osteoarthritis, the record has not been adequately developed. *See, e.g., Cowart v. Schweiker*, 662 F.2d 731, 732 (11th Cir. 1981) (citing *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979)); *see also Sobolewski v. Apfel*, 985 F. Supp. 300, 314 (E.D.N.Y. 1997) ("The record's virtual absence of medical evidence pertinent to the issue of plaintiff's RFC reflects the Commissioner's failure to develop the record, despite his obligation to develop a complete medical history.") (citations

omitted).

Likewise, the ALJ's determination that Ms. Appling can perform a full range of light work is not supported by substantial evidence. Accordingly, the decision of the Commissioner is due to be reversed, and the case remanded for further proceedings consistent with this memorandum opinion.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is not supported by substantial evidence. Accordingly, the decision of the Commissioner will be remanded by separate order.

**DONE** and **ORDERED** this the 22nd day of June, 2012.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge